UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>       v.<br><br>CARLOS CARVAJAL-COSTA,<br><br>    Defendant/Petitioner. | NO. CR-03-0188-LRS<br>(NO. CV-05-0044-LRS)<br><br>**ORDER DENYING MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

BEFORE THE COURT is Carlos Carvajal Costa's renewed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed February 14, 2005 (Ct. Rec. 23). After ordering service of Defendant's motion, the government filed a response. The Court has reviewed the file and is fully informed.

**I. BACKGROUND**

On November 18, 2003, the Defendant pled guilty to being an Alien in the United States After Deportation in violation of 8 U.S.C. § 1326 pursuant to the parties' written plea agreement. On March 16, 2004, the Court sentenced the Defendant to seventy months imprisonment based in part upon § 2L1.2(b)(1)(A) of the U.S. Sentencing Guidelines which provided for a 16 level enhancement to the base offense level due to defendant's conviction for a drug trafficking offense for which the

ORDER ~ 1

1  sentence  imposed  exceeded  13  months.    Defendant  did  not  appeal  his
2  sentence.

3  **II. DISCUSSION**

4      Defendant  challenges  the  applicability  of  the  16  level  federal
5  sentencing  enhancement,  in  light  of  the  Supreme  Court's  decisions  in
6  *Blakely  v.  Washington*,  124  S.Ct.  2531(2004),  *United  States  v.
7  Booker*/Fanfan 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, U.S. 466
8  (2000).

9      The  Court  agrees  with  the  government's  contentions  and  finds  that
10  Defendant's motion must be denied.   In applying the 16 level enhancement,
11  the Court relied only on the "fact of prior conviction." *Booker* bars the
12  district  court  from  considering  those  facts  not  found  by  the  jury  *other
13  than the fact of prior conviction*. See, e.g., id. at 756 (Stevens, J.)
14  ("Any  fact  (other  than  a  prior  conviction)  which  is  necessary  to  support
15  a  sentence  exceeding  the  maximum  authorized  by  the  facts  established  by
16  a  plea  of  guilty  or  a  jury  verdict  must  be  admitted  by  the  defendant  or
17  proved  to  a  jury  beyond  a  reasonable  doubt."  (emphasis  added)).  The  fact
18  of  Defendant's  prior  drug  conviction  thus  does  not  raise  any  Sixth
19  Amendment  problems.  *See  United  States  v.  Quintana-Quintana*,  383  F.3d
20  1052, 1053 (9th Cir.2004) (per curiam).

21      In  addition,  the  Supreme  Court's  decision  in  *Almendarez-Torres  v.
22  United  States*,  523  U.S.  224  (1998)  is  controlling  here.    It  states  that
23  § 1326(b)(2)  "is  a  penalty  provision,  which  simply  authorizes  a  court  to
24  increase  the  sentence  for  a  recidivist.    It  does  not  define  a  separate
25  crime.   Consequently,  neither  the  statute  not  the  Constitution  requires
26  the  Government  to  charge  the  factor  that  it  mentions,  an  earlier

conviction, in the indictment." *Id*. At 226-27. The holding of *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains good law even after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *United States v. Quintana-Quintana*, 383 F.3d 1052, 1052-53 (9th Cir.2004), cert. denied, 125 S.Ct. 1100, 160 L.Ed.2d 1085, 2005 WL 127012 (U.S. Jan. 24, 2005) (No. 04-7813). In addition, *United States v. Booker/Fanfan*, which applies *Blakely* to the federal Sentencing Guidelines, does not affect the holding in *Almendarez-Torres*. *Id*.

Finally, even if Defendant could show a constitutional violation, current case precedent does not support the conclusion that the remedy sought would be available on collateral review. *United States v. Sanchez-Cervantez*, 282 F.3d 664, 671 (9th Cir. 2002)(holding that *Apprendi* does not apply retroactively); *United States v. Ameline*, 400 F.3d 646 (9th Cir. 2005)(holding that *Booker* applies to all criminal cases pending on direct appeal at the time it was rendered).

**III. CONCLUSION**

For the reasons set forth herein, Defendant's Motion filed pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody(Ct. Rec. 23) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide a copies to the parties, and **CLOSE THE FILE.**

**DATED** this ___29th___ day of April, 2005.

*s/Lonny R. Suko*

———————————————————
LONNY R. SUKO
United States District Judge